COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



AMENDED ABATEMENT ORDER

Appellate case name:        In the Interest of T.S. and E.S.S., Children

Appellate case number:     01-22-00054-CV

Trial court case number:    2020-02393J

Trial court:              313th District Court of Harris County

Appellant, mother, has filed a notice of appeal of the trial court's order terminating her parental rights to her children, T.S. and E.S.S. (collectively, the "children"). Appellant's court-appointed counsel on appeal has filed a motion to withdraw from representing appellant and an *Anders* brief in which she concludes that "on [her] professional evaluation of the record, . . . there are no arguable grounds for appeal and that [appellant's] appeal is wholly frivolous." *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *In re C.S.*, No. 01-16-00152-CV, 2016 WL 4408980, at *1 (Tex. App.—Houston [1st Dist.] Aug. 16, 2016, pet. denied) (mem. op.). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw and appoint another attorney to present all arguable grounds for appeal. *In re C.S.*, 2016 WL 4408980, at *1 (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)); *see also In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (stating arguable ground for appeal is one that could "conceivably persuade the court").

Here, we have reviewed the appellate record and appointed counsel's *Anders* brief, and conclude that the appeal warrants further development by new appellate counsel on the following arguable grounds for appeal: whether evidence is legally and factually insufficient to support the trial court's findings that appellant constructively abandoned the children, who had been placed in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, that appellant failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children,

and that termination of appellant's parental rights was in the best interest of the children.[1]  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (b)(1)(O), (b)(2); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("After an attorney files a proper *Anders* brief (which should be filed with a request for withdrawal from the case) . . . , the Court of Appeals . . . must conduct its own investigation of the record to discover if there are arguable grounds.  If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal.").  Accordingly, we abate the appeal and remand the case to the trial court with instructions to appoint new counsel to represent appellant on appeal and have a supplemental clerk's record containing that appointment filed in this appeal with the Clerk of this Court **no later than 10 days from the date of this order**.

**Counsel's appellant's brief will be due 20 days from the date that counsel is appointed.** *See* TEX. R. APP. P. 28.4 ("Accelerated Appeals in Parental Termination and Child Protection Cases"), 38.6(a).  Because this is a termination case, this Court is required to bring this appeal to final disposition within 180 days of January 25, 2022, the date the notice of appeal was filed in this proceeding, so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, reprinted in TEX. GOV'T. CODE ANN., tit. 2, subtit. F app.  **Accordingly, no extensions of time will be granted absent extraordinary circumstances.**  *See* TEX. R. APP. P. 38.6(d).  Counsel who agrees to handle this appeal should do so only if he or she can satisfy the briefing deadlines.

Appellant's original appointed appellate counsel has filed a "Motion for Clarification" related to this Court's original abatement order.  To the extent counsel requests leave to provide additional briefing, that request is **denied**.  To the extent that counsel requests "clarification . . . on the grounds for which this Court wants further development," that request is **dismissed as moot**. *See* TEX. R. APP. P. 2, 10.3.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.

It is so ORDERED.

Judge's signature: _____/s/ Julie Countiss_____
☑ Acting individually    ☐ Acting for the Court

Date:  ___April 18, 2022___

---

[1]  Appellate counsel is not prevented from briefing any other arguable grounds of appeal.